**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC.,     )<br>    )<br>    *Plaintiff,*     )<br>    )<br>v.     )<br>    )<br>THE UNINCORPORATED ASSOCIATIONS     )<br>IDENTIFIED IN SCHEDULE A,     )<br>    )<br>    *Defendants.*     )<br>    ) | Case No. 1:20-cv-1437<br>Hon. Liam O'Grady |

## ORDER

This matter arises from a dispute over trademark infringement and counterfeiting under the Lanham Act, specifically Trademark Infringement and Counterfeiting (15 U.S.C. § 1114), False Designation of Origin (15 U.S.C. § 1125(a)) and Trademark Dilution (15 U.S.C. § 1125(c)). *See generally* Dkt. 1. Plaintiff Volkswagen Group of America Inc. alleges that "unincorporated associations listed in Schedule A of the complaint" are selling counterfeit versions of Plaintiff's proprietary "ODIS" software. *See* Dkt. 82. Plaintiff dismissed, removed, or settled with several of the original defendants. *See* Dkts. 38, 64, 68, 69, 80. However, most Defendants failed to answer or otherwise respond or appear in the Action. Plaintiff now seeks default judgement against those defendants, which are listed in Plaintiff's updated "List of Defendants Subject to Plaintiff's Motion for Default Judgment" ("Defendants"). *See* Dkt. 82; *see also* Dkt. 74.

The matter was referred to the Magistrate Judge for a Report and Recommendation ("R&R") under 28 U.S.C. § 636(b). The Magistrate Judge issued his R&R on the default judgment on July 21, 2021, and no party filed a timely objection within fourteen (14) days with the Clerk's Office. *See generally* Dkt. 84.

In the R&R, the Magistrate Judge makes the following findings:

- The Court has subject matter jurisdiction and personal jurisdiction over Defendants, and venue is proper. *See id.* at 4–5.
- Defendants were properly served by email on February 25 and 26, 2021. *Id.* at 5.
- Entering a default judgement is proper because Defendants have not answered or responded to Plaintiff's well-pleaded complaint. *Id.* at 5–6.
- Plaintiff stated a valid claim for trademark infringement under the Lanham Act, 15 U.S.C. § 1114. *Id.* at 6–7.
- Plaintiff stated a valid claim for trademark counterfeiting under the Lanham Act, 15 U.S.C. § 1114. *Id.* at 7–8.
- Plaintiff stated a valid claim for false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a). *Id.* at 8–9.
- Plaintiff stated a valid claim for trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c). *Id.* at 9–10.
- Plaintiff is entitled to permanent injunctive relief enjoining Defendants from infringing or otherwise violating Plaintiff's registered trademark rights under the Lanham Act. *Id.* at 10–11.
- Plaintiff is entitled to statutory damages under the Lanham Act. *Id.* at 11–12.
- Judgement as to damages should be fulfilled to the degree possible by the "assets frozen by the preliminary injunction in [D]efendants' PayPal, Inc. and Alipay accounts." *Id.* at 12.

Concluding that "there is no clear error on the face of the record," *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), the Court **APPROVES** and **ADOPTS** the legal reasoning and conclusions in the R&R, Dkt. 84. Plaintiff's motion for default judgment (Dkt. 74) is **GRANTED** against the Defendants listed in Plaintiff's "List of Defendants Subject to Plaintiff's Motion for Default Judgment," *see* Dkt. 82. It is hereby **ORDERED** that the Clerk of the Court is to enter a judgment pursuant to Fed. R. Civ. P. 55(a) in favor of Plaintiff Volkswagen Group of America Inc. and against the specified Defendants (Dkt. 82) in the total amount of

$2,000,000 per Defendant.[1]  Additionally, Defendants are permanently enjoined from making, using, selling, or offering for sale unauthorized products containing Plaintiff's trademarks.

Finally, consistent with the R&R, PayPal Inc. and Alipay US Inc. are **ORDERED** to release to Plaintiff any money currently restrained in the Defendants' financial accounts as partial payment of Court's judgment within five (5) business days of receipt of this Order.  Furthermore, if any new PayPal or Alipay accounts controlled or operated by the Defendants are identified, PayPal and Alipay shall restrain any funds in the Defendants' financial accounts and release them to the Plaintiff within ten (10) business days as continued partial payment of the above-identified damages.

It is **SO ORDERED.**

August 23, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge

---

[1] Plaintiff originally sought $2,000,000 per infringing use, estimated at approximately $16,000,000 in total damages per Defendant. *See* Dkt. 1, at 27.  However, Plaintiff thereafter downward revised its damages request to $2,000,000 per Defendant. *See* Dkt. 75, at 16.